

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **MICHAEL R. RAY,** | ) | CIVIL ACTION      1 0 -   1 1 5 2 |
| | ) | |
| Plaintiff, | ) | Case No.___  ____ _____  ____ |
| | ) | |
| -vs- | ) | |
| | ) | |
| **AMERICAN EXPRESS COMPANY** | ) | |
| and **AMERICAN EXPRESS TRAVEL** | ) | |
| **RELATED SERVICES COMPANY,** | ) | |
| **INC.,** | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

## C O M P L A I N T

Now comes the *pro se* Plaintiff, MICHAEL R. RAY, who files this his Original Complaint, and would respectfully show the Court the following:

### JURISDICTION

1.  This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 which confers jurisdiction over Fair Credit Reporting Act ("FCRA") claims without the regard to the amount in controversy. The claims asserted in this case are for violations of the FCRA. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

### VENUE

2.  Venue is proper in the District of Delaware, pursuant to 28 U.S.C. § 1337, based upon the fact that both Defendant Corporations are formed and found within the District of Delaware.

## PARTIES

3. Plaintiff, MICHAEL R. RAY (hereinafter referred to as "Plaintiff"), is an individual who resides in the District of South Carolina at the time of the filing of this action. Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. § 1681, *et seq*. at § 1681a(c).

4. Defendant AMERICAN EXPRESS COMPANY is a Corporation pursuant to the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. Said Corporation is a Delaware statutory corporation.

5. Defendant AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. is a Corporation pursuant to the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. Said Corporation is a Delaware statutory corporation.

## FACTUAL BACKGROUND

6. In late 1998 and 1999 Plaintiff held various American Express accounts both in his personal name and in various business names with which he was involved.

7. In early 2002, Plaintiff filed for protection from his creditors with the United States Bankruptcy Court for the District of South Carolina, under case number 02-1212jw. In the original schedule of creditors, American Express was listed as an unsecured creditor. It is not presently known whether or not American Express filed any claim(s) in the bankruptcy case. A copy of the first page of Schedule F from the bankruptcy case is attached herewith, marked as Exhibit "A".

8. The Plaintiff was discharged in Chapter 7 Bankruptcy on November 21, 2002. All American Express accounts held by the Plaintiff, prior to the date of discharge were included in that discharge. A copy of the bankruptcy court discharge is attached herewith, marked as Exhibit "B".

9. As of this bankruptcy discharge, Plaintiff had no financial obligation to American Express and all resultant accounts should have been listed with the various major credit bureaus as "discharged in bankruptcy."

10. As of the date of the bankruptcy discharge, American Express had no legal, viable, or permissible reason to inquire into the creditworthiness of the Plaintiff.

11. As of November 2002, the Plaintiff has neither opened nor maintained and account(s) with any American Express related entity.

12. Starting in January of 2009 and continuing to the present date, American Express has seen fit to continually make account review (or alternatively "soft") inquiries with Experian (one of the three major national credit reporting agencies). A copy of a portion of the Plaintiff's September 13, 2009 Experian credit report file showing the inquiries of American Express is attached hereto, marked as Exhibit "C".

13. American Express had no legitimate purpose for requesting or receiving the credit information of the Plaintiff after such time that the 2002 bankruptcy discharge was issued.

14. The Plaintiff did not have any account with American Express during the period which they were making soft-pull inquiries of the Plaintiff credit file with Experian.

### THE CONSUMER, THE USER AND THE DATA REPOSITORIES

15. Plaintiff is a consumer as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") at § 1681a(c).

16. Experian Information Solutions, Inc. (hereinafter referred to as "Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business in Allen, Texas. Experian is a "consumer reporting agency" as that term is

3

defined in 15 U.S.C. § 1681a(f). In connection therewith, Experian acts as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to various third parties.

17. American Express is a subscriber and user of consumer reports issued by Experian.

18. American Express also furnishes data about its experiences with consumers with whom it transacts business to Experian.

19. American Express is a furnisher of information as contemplated by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer.

20. Since the filing of his bankruptcy petition, Plaintiff has not had an active account with American Express.

21. The accounts which were listed in the bankruptcy schedules filed by the Plaintiff were the only accounts which the Plaintiff had with American Express.

## ACCESSING THE CONSUMER'S CREDIT INFORMATION

22. On or about January 23, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

23. On or about April 6, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific

certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

24. On or about May 7, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

25. On or about May 11, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

26. On or about May 27, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

27. On or about June 1, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

28. On or about June 5, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

29. On or about June 27, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

30. On or about July 18, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction

initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

31. On or about July 23, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

32. On or about July 28, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

33. On or about August 8, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

34. On or about August 11, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it

had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

35. On or about August 19, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

36. On or about August 27, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

37. On or about August 28, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

38. On or about August 29, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or

specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

39. On or about September 3, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

40. On or about September 7, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

41. On or about September 11, 2009, American Express accessed the contents of Plaintiff's credit file from Experian. In connection therewith, American Express made a general or specific certification to Experian that America Express sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

42. On September 14, 2009, after Plaintiff first discovered these "soft pulls" on his credit file,

he communicated with the Plaintiff by letter and advised American Express that it had no

permissible purpose to be continually requesting his credit report file from Experian. To

date, American Express has provided no reply. A copy of the letter to the General

Counsel at American Express dated September 14, 2009 is attached hereto, marked as

Exhibit "D".

## GROUNDS FOR RELIEF

43. Plaintiff hereby re-alleges and incorporates herein as if repeated verbatim, the allegations

set forth in Paragraphs No. 1 through 42 of this Complaint.

44. American Express is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

45. The Fair Credit Reporting Act establishes very specific rules placing limitations upon an

entity (or "person") seeking to obtain a consumer's credit history or the content of a

consumer's credit file, as follows:

(f) Certain use or obtaining of information prohibited. – A person shall not use or
obtain a consumer report for any purpose unless –

(1) the consumer report is obtained for a purpose for which the consumer
report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with sections 1681e of this title
by a prospective user of the report through a general or specific
certification.

*See* 15 U.S.C. § 1681b(f).

46. Section 1681b(a)(3) of the Fair Credit Reporting Act lists the all-inclusive purposes for

which a consumer report can be obtained, as follows:

(a) In General - *** [A] consumer reporting agency may furnish a consumer
report under the following circumstances and no other:

*   *   *

(3) To a person which it has reason to believe –

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> \* \* \*
>
> (F) otherwise has a legitimate business need for the information –
>
>> (i) in connection with a business transaction that is initiated by the consumer; or
>>
>> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

47. After Plaintiff filed his Chapter 7 bankruptcy case and received his discharge, American Express had actual knowledge that it no longer had a permissible purpose to obtain Plaintiff's credit information from Experian.

48. When requesting Plaintiff's credit information from Experian in each of the occasions referenced herein, American Express had actual knowledge that it did not have a permissible purpose to obtain such credit information concerning the Plaintiff.

49. For American Express to repeatedly request and obtain Plaintiff's credit information in the face of actual knowledge that it had no permissible purpose to do so constitutes aknowing and willful violations of the Fair Credit Reporting Act.

50. American Express is unwilling or unable to prevent its system from requesting and obtaining Plaintiff's credit information without a permissible purpose, thereby subjecting Plaintiff to having his most private, personal, and financial information disclosed without his consent, authorization or other legal justification.

51. Upon information and belief, there may be additional instances that American Express requested and obtained Plaintiff's credit information from Experian, which instances

have been concealed or otherwise hidden from Plaintiff so as to prevent him from pursuing recourse for such illegal invasions of his privacy. To the extent that those other instances occurred, they constitute further claims, for which Plaintiff shall seek leave to address hereinafter.

52. As a direct and proximate result of American Express's conduct as outlined herein, Plaintiff has suffered and will continue to suffer substantial injury, including, but not limited to, significant mental anguish and emotional distress from the ongoing invasion of his privacy, entitling him to an award of actual damages in an amount to be proven at trial, or statutory damages, such amount of punitive damages as the Court may allow, and for costs of the action as provided by 15 U.S.C. § 1681n.

53. Alternatively, the impermissible access of Plaintiff's credit information constitutes a negligent violation as set forth in 15 U.S.C. § 1681o. In this regard, Plaintiff should be awarded judgment for his actual damages in an amount to be proven at trial, plus the costs of this action.

54. Judgment should be entered against Defendant(s) for the damages sustained by the Plaintiff, and punitive damages should be assessed against Defendant(s) for their actions.

## JURY DEMAND

55. Plaintiff hereby requests a trial by jury.

W H E R E F O R E , Plaintiff prays that Defendant(s) be cited to answer and appear herein and that upon final hearing and trial on the merits hereof, Plaintiff have and recover judgment against the Defendant(s) for the following:

      a.  Actual damages;

      b.  Statutory damages;

c. Punitive damages;

d. Costs as provided for by statute or Court rule;

e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Dated: December 27, 2010

By:_____

MICHAEL R. RAY, *pro se*
Post Office Box 100
Myrtle Beach, South Carolina 29578
Phone (843) 424-8804
E-mail: MichaelRay@mail.com

13

